Jonah A. Grossbardt (State Bar No. 283584)
SRIPLAW
1801 Century Park East
Suite 1100
Los Angeles, CA  90067
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com

Attorney for Plaintiff
VPR BRANDS, LP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| VPR BRANDS, LP, <br><br>  Plaintiff, <br><br> v. <br><br> COOL CLOUDS DISTRIBUTION, INC., <br><br>  Defendant. | Case No.: <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **Demand for Jury Trial** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff VPR BRANDS, LP by and through its undersigned counsel, brings this Complaint against Defendant COOL CLOUDS DISTRIBUTION, INC. for Patent Infringement, and in support, alleges as follows:

### NATURE OF THE LAWAUIT

1.  This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from

defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent Number 8,205,622 entitled "Electronic Cigarette." Plaintiff seeks injunctive relief to prevent defendant from continuing to infringe plaintiff's patent and recovery of monetary damages resulting from defendant's past infringement of the patent.

## JURISDICTION AND VENUE

2. This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over Defendant.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

## THE PLAINTIFF

5. Plaintiff, VPR Brands, LP ("VPR"), is a Delaware limited partnership authorized to do business in Florida with a principal place of business located at 3001 Griffin Road, Fort Lauderdale, FL 33312.

## THE DEFENDANT

6. Cool Clouds Distribution, Inc. ("Cool Clouds") is a California corporation with its principal place of business at 316 E 4th Street, Suite 180, Los Angeles, CA 90013, and can be served by serving its Registered Agent, Jonathan Alvarado, 11731 Stoney Peak Drive, Apt. 103, San Diego, CA 92128.

## FACTS

7. VPR is a technology company whose assets include issued U.S. and Chinese patents for atomization-related products, including technology for medical marijuana oil vaporizers, dab pen and flower vaporizer products and components.

8. VPR is engaged in product development for the vapor or vaping market, including e-liquids, vaporizers and electronic cigarettes (also known as e-cigarettes) which are devices which deliver nicotine and or cannabis and cannabidiol (CBD)

through atomization or vaping, and without smoke and other chemical constituents typically found in traditional products.

9. VPR is a vaping market leader specializing in vaporizers and accessories for essential oils, cannabis concentrates and extracts (CBD), as well as electronic cigarettes containing nicotine.

10. VPR owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number 8,205,622 (the '622 Patent) entitled "Electronic Cigarette."

11. The '622 Patent discloses an electronic cigarette consisting of an electronic inhaler and an electronic atomizer.

12. The electronic inhaler contains a rechargeable or non-rechargeable power source such as a battery, which supplies electric power to the electronic inhaler. In addition to the power source, the inhaler also includes an electric airflow sensor to detect air movement generated by a user's inhaling or puffing act. The sensor's role is to collect an airflow signal that triggers the electronic cigarette to supply electric power to the inhaler and atomizer connected through an electric connector.

13. Inside the electronic atomizer are an electric connector, electric heating wire, liquid container, and atomizer cap with an air-puffing hole. The user inhales through the air puffing hole at an end of the electronic cigarette to create an air inflow, which triggers the atomization process that converts a solution to a gas emulating the smoking process.

## THE PLAINTIFF'S PATENTS

14. VPR owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number 8,205,622 (the '622 Patent), entitled "Electronic Cigarette." A copy of the '622 Patent is attached hereto as **Exhibit 1**.

## DEFENDANT'S PRODUCTS

15. Cool Clouds makes, uses, imports, offers for sale and sells one or more electronic cigarette products that practice all the steps of at least one claim of the '622 Patent.

16. One of Cool Clouds's electronic cigarette products is known as PUFF BAR.

17. Another of Cool Clouds's electronic cigarette products is known as KADO.

18. Cool Clouds's PUFF BAR and KADO are electronic cigarettes that contains a rechargeable battery that functions as a power source which supplies electric power to an electronic inhaler. In addition to the power source, the inhaler also includes an electric airflow sensor to detect air movement generated by a user's inhaling or puffing act.

19. The PUFF BAR and KADO also contain an electronic atomizer with an electric connector, electric heating wire, liquid container, and atomizer cap with an air-puffing hole.

20. The user inhales through the air puffing hole at an end of the PUFF BAR and KADO to create an air inflow, which triggers the atomization process that converts a solution to a gas emulating the smoking process.

21. The electronic cigarette products that Cool Clouds imports, makes, uses, offers to sell and sells, including but not limited to the PUFF BAR and KADO products, infringe one or more claims of the '622 Patent.

22. At all times during which defendant imported, made, used, offered to sell and sold electronic cigarette products that infringe one or more claims of the '622 Patent, defendant had knowledge of the '622 Patent.

23. Plaintiff has been irreparably harmed by defendant's infringement of VPR's valuable patent rights.

24. Defendant's unauthorized, infringing use of VPR's patented electronic cigarette has threatened the value of their intellectual property because defendant's conduct results in VPR's loss of its lawful patent rights to exclude others from importing, making, using, selling, offering to sell and/or importing the patented inventions.

25. Defendant's disregard for VPR's property rights similarly threatens VPR's relationships with potential licensees of this intellectual property.

26. Defendant will derive a competitive advantage from using VPR's patented technology without paying compensation for such use.

27. Unless and until defendant's continued acts of infringement are enjoined, VPR will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,205,622

28. VPR realleges paragraphs 1 through 27 of this Complaint, as fully and completely as if set forth verbatim herein.

29. Within the six years preceding the filing of this Complaint, Cool Clouds has directly infringed at least one claim of U.S. Patent No. 8,205,622 by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

30. Without limiting the foregoing, Defendant has infringed at least claim 13 of the '622 Patent as described in the Claim Chart attached hereto as **Exhibit 2**.

31. Cool Clouds's activities alleged in this Count have been without license, permission, or authorization from VPR.

32. The activities of Cool Clouds as set forth in this Count have been to the injury, detriment and irreparable harm to VPR.

## COUNT II
## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,205,622

33. VPR realleges paragraphs 1 through 27 of this Complaint as fully and completely as if set forth herein verbatim.

34. Within the six years preceding the filing of this Complaint, Cool Clouds has indirectly infringed at least one claim of U.S. Patent No. 8,205,622, by requesting and encouraging and inducing customers to purchase and use PUFF BAR and KADO in violation of 35 U.S.C. § 271(b).

35. Cool Clouds's activities alleged in this Count have been without license permission or authorization from VPR.

36. The activities of Cool Clouds as set forth in this Count have been to the injury, detriment and irreparable harm to VPR.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VPR Brands, LP demands judgment and relief against Defendant COOL CLOUDS DISTRIBUTION, INC. and respectfully requests that the Court:

A. Enter a finding of infringement against Defendant under each of the patents asserted in this Compliant;

B. Award in favor of Plaintiff and against Defendant such damages as Plaintiff may have suffered but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

C. Award in favor of Plaintiff and against Defendant an enhancement of damages;

D. Find that this is an exceptional case;

E. Enter an injunction preliminarily and permanently enjoining infringement;

F. Award Plaintiff its attorneys' fees against Defendant under 35 U.S.C. § 285;

G. Award Plaintiff its costs; against Defendant, and

H. Award in favor of Plaintiff and against Defendant such other and further relief as to the Court appears just and proper.

# JURY DEMAND

Plaintiff VPR Brands, LP hereby demands a trial by jury of all issues so triable.

DATED: February 8, 2021                    Respectfully submitted,


                */s/ Jonah A. Grossbardt*
                JONAH A. GROSSBARDT
                **SRIPLAW**
                *Attorney for Plaintiff VPR Brands, LP*