Alexander Chen [SBN 245798]
Katja M. Grosch [SBN 266935]
**INHOUSE CO. LAW FIRM**
7700 Irvine Center Dr., Suite 800
Irvine, California 92618
Telephone: (714) 932-6659
Facsimile: (714) 882-7770

Attorneys for Defendant,
Cool Clouds Distribution, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION



| | |
|---|---|
| VPR BRANDS, LP,<br><br>          Plaintiff,<br><br>vs.<br><br>COOL CLOUDS DISTRIBUTION, INC.,<br><br>          Defendant.<br><br>─────────────────────<br><br>COOL CLOUDS DISTRIBUTION, INC.,<br><br>          Crossclaimant,<br><br>vs.<br><br>VPR BRANDS, LP,<br><br>          Crossdefendant. | Case No.: 2:21-cv-01116 JWH(MRWx)<br><br>[Hon. John W. Holcomb]<br><br>**COOL CLOUDS DISTRIBUTION, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**AND**<br><br>**CROSSCLAIM AGAINST VPR BRANDS, LP, FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COOL CLOUDS DISTRIBUTION, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND CROSSCLAIM AGAINST VPR BRANDS, LP, FOR DECLARATORY JUDGMENT

- 1 -

DEFENDANT, COOL CLOUDS DISTRIBUTION, INC. ("COOL CLOUDS"), FILES THIS ANSWER TO PLAINTIFF VPR BRANDS, LP'S ("VPR") COMPLAINT FOR PATENT INFRINGEMENT ("COMPLAINT") OF U.S. PATENT NO. 8,205,622 ("THE ASSERTED PATENT") AND ASSERTS DECLARATORY JUDGMENT CROSSCLAIMS OF NONINFRINGEMENT.

## ANSWER

This Answer is based on Cool Clouds' knowledge as to its own activities, and upon information and belief as to the activities of others. The numbered paragraphs herein correspond to the like-numbered paragraphs of the Complaint, to the extent applicable. Cool Clouds denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts. Cool Clouds denies that VPR is entitled to the relief requested or any other.

## NATURE OF THE ACTION

1. Cool Clouds admits, based solely on the allegations of the Complaint and without admitting them as true, that the Complaint purports to allege Cool Clouds' infringement of the Asserted Patent and to seek remedies therefor. Cool Clouds denies that it has infringed or is now infringing any claim of the Asserted Patent, let alone any valid claim, and Cool Clouds denies that VPR is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

2. Cool Clouds admits, based solely on the allegations of the Complaint and without admitting them as true, that the Complaint purports to allege an action for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States, 35 U.S.C. 101, et seq., and that this Court has subject matter jurisdiction over an action for patent infringement pursuant to 28 U.S.C. 1331 and 1338(a).

COOL CLOUDS DISTRIBUTION, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND CROSSCLAIM AGAINST VPR BRANDS, LP, FOR DECLARATORY JUDGMENT

– 2 –

3. Cool Clouds denies all allegations in paragraph 4 as they pertain to Cool Clouds, and particularly denies that it has committed any acts of infringement in the Central District of California or elsewhere. For the purposes of this action, however, Cool Clouds will not dispute this Court's personal jurisdiction over Cool Clouds. Cool Clouds denies any allegation or suggestion that personal jurisdiction is proper in this District for all actions.

4. Cool Clouds denies any allegation or suggestion that venue is proper or convenient in this District for all actions, however, Cool Clouds will agree to venue in this District for the purpose of this action only.

## PARTIES

5. Cool Clouds does not dispute that VPR Brands is a Delaware limited partnership authorized to do business in Florida with a principal place of business located at 3001 Griffin Road, Fort Lauderdale, FL 33312.

6. Cool Clouds admits that it is a corporation registered and lawfully existing under the laws of the State of California, with an office and a place of business located at 316 E 4th Street, Suite 180, Los Angeles, CA 90013.

## FACTS

7. Cool Clouds lacks sufficient knowledge to admit or deny the allegations in paragraph 7 and therefore denies same.

8. Cool Clouds lacks sufficient knowledge to admit or deny the allegations in paragraph 8 and therefore denies same.

9. Cool Clouds lacks sufficient knowledge to admit or deny the allegations in paragraph 9 and therefore denies same.

10. Cool Clouds lacks sufficient knowledge to admit or deny the allegations in paragraph 10 and therefore denies same.

11. Cool Clouds lacks sufficient knowledge to admit or deny the allegations in paragraph 11 and therefore denies same.

COOL CLOUDS DISTRIBUTION, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND CROSSCLAIM AGAINST VPR BRANDS, LP, FOR DECLARATORY JUDGMENT

– 3 –

12. Cool Clouds lacks sufficient knowledge to admit or deny the allegations in paragraph 12 and therefore denies same.

13. Cool Clouds lacks sufficient knowledge to admit or deny the allegations in paragraph 13 and therefore denies same.

## THE PLAINTIFF'S PATENTS

14. Cool Clouds lacks sufficient knowledge to admit or deny the allegations in paragraph 14 and therefore denies same.

## DEFENDANT'S PRODUCTS

15. Cool Clouds denies the allegations in paragraph 15.

16. Cool Clouds admits the allegations in paragraph 16.

17. Cool Clouds admits the allegations in paragraph 17.

18. Cool Clouds denies the allegations in paragraph 18.

19. Cool Clouds denies the allegations in paragraph 19.

20. Cool Clouds denies the allegations in paragraph 20.

21. Cool Clouds denies the allegations in paragraph 21.

22. Cool Clouds denies the allegations in paragraph 22.

23. Cool Clouds denies the allegations in paragraph 23.

24. Cool Clouds denies the allegations in paragraph 24.

25. Cool Clouds denies the allegations in paragraph 25.

26. Cool Clouds denies the allegations in paragraph 26.

27. Cool Clouds denies the allegations in paragraph 27.

## COUNT ONE

## [ALLEGED] DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,205,622

28. Cool Clouds incorporates by reference its responses contained in all preceding paragraphs of this Answer as if set forth fully herein.

29. Cool Clouds denies the allegations in paragraph 29.

30. Cool Clouds denies the allegations in paragraph 30.

COOL CLOUDS DISTRIBUTION, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND CROSSCLAIM AGAINST VPR BRANDS, LP, FOR DECLARATORY JUDGMENT

- 4 -

31. Cool Clouds denies the allegations in paragraph 31.

32. Cool Clouds denies the allegations in paragraph 32.

## COUNT TWO

## [ALLEGED] INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,205,622

33. Cool Clouds incorporates by reference its responses contained in all preceding paragraphs of this Answer as if set forth fully herein.

34. Cool Clouds denies the allegations in paragraph 34.

35. Cool Clouds denies the allegations in paragraph 35.

36. Cool Clouds denies the allegations in paragraph 36.

## PRAYER FOR RELIEF

Cool Clouds denies the underlying allegations of VPR's prayer for relief against Cool Clouds, denies that VPR is entitled to any relief whatsoever, and requests that the Court deny all relief to VPR and enter judgment in favor of Cool Clouds on all counts and award Cool Clouds its costs and reasonable attorneys' fees and any further relief as the Court may deem appropriate. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied above, Cool Clouds denies them.

## DEMAND FOR JURY TRIAL

Cool Clouds admits that the Complaint sets forth a demand for trial by jury. The demand does not state any allegation against Cool Clouds to which a response is required. To the extent that any allegations are included in the demand, Cool Clouds denies such allegations.

## ADDITIONAL DEFENSES

Cool Clouds asserts the following additional defenses in response to VPR's Complaint. Discovery has not begun at the time of this Answer, and Cool Clouds therefore has not yet had an opportunity to collect and review all the information that may be relevant to the matters and issues raised herein. Cool Clouds accordingly

COOL CLOUDS DISTRIBUTION, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND CROSSCLAIM AGAINST VPR BRANDS, LP, FOR DECLARATORY JUDGMENT

− 5 −

reserves the right to seek to amend, modify, and/or expand these defenses and to take further positions as discovery proceeds in this case. Assertion of a defense is not a concession that Cool Clouds has the burden of proving the matter asserted.

## FIRST ADDITIONAL DEFENSE
### (Non-Infringement)

1. Cool Clouds does not and never has directly or indirectly infringed any valid and enforceable claim of the Asserted Patent, either literally or under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

## SECOND ADDITIONAL DEFENSE
### (Invalidity)

2. The claims of the Asserted Patent are invalid for failure to meet the requirements of 35 U.S.C. § 101 et seq., including, without limitation, §§ 101, 102, 103, 112, and/or 116, and the rules, regulations, and laws pertaining thereto.

## THIRD ADDITIONAL DEFENSE
### (Prosecution History Estoppel)

3. VPR is estopped, based on the amendments, argument statements, representations, admissions, or omissions during the prosecution of the patent applications or any related provisional or non-provisional applications, made with respect to the scope of the alleged invention and asserted claims and disclosure of the prior art, from asserting any interpretation of any of the patent claims that would be broad enough to cover any of the alleged infringement by Cool Clouds.

## FOURTH ADDITIONAL DEFENSE
### (Equitable Defenses)

4. VPR is barred or limited from recovery, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, unclean hands, estoppel, and/or misuse.

COOL CLOUDS DISTRIBUTION, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND CROSSCLAIM AGAINST VPR BRANDS, LP, FOR DECLARATORY JUDGMENT

– 6 –

## FIFTH ADDITIONAL DEFENSE

**(Limitation on Damages)**

5. VPR's recovery for alleged infringement of the Asserted Patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint, pursuant to 35 U.S.C. § 286 and/or § 287. To the extent that VPR and any alleged predecessors in interest to the Asserted Patent, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Cool Clouds' actions allegedly infringed the Asserted Patents, Cool Clouds is not liable to VPR for any acts alleged to have been performed before Cool Clouds received any actual notice that it was allegedly infringing the Asserted Patents. Accordingly, VPR's claims for recovery of alleged damages are limited by 35 U.S.C. § 287.

65. VPR's claims for recovery of alleged damages are limited by 35 U.S.C. § 286.

66. VPR is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## SIXTH ADDITIONAL DEFENSE

**(Failure to State a Claim)**

7. VPR has failed to state a claim upon which relief can be granted.

## SEVENTH ADDITIONAL DEFENSE

**(Exhaustion)**

8. VPR's claims for relief are barred in whole or in part by the doctrine of patent exhaustion.

## EIGHTH ADDITIONAL DEFENSE

**(Government Sales)**

9. VPR's remedies are limited under 28 U.S.C. § 1498(a). Cool Clouds is not liable to the extent the accused products were used or manufactured by or for the United

COOL CLOUDS DISTRIBUTION, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND CROSSCLAIM AGAINST VPR BRANDS, LP, FOR DECLARATORY JUDGMENT

– 7 –

States, or to the extent accused activities were undertaken on behalf of the United States, according to at least 28 U.S.C. § 1498.

## RESERVATION OF RIGHTS

10. In filing these defenses, Cool Clouds has not knowingly or intentionally waived any applicable defenses. Cool Clouds reserves the right to assert and rely upon any other applicable defenses that may become available or apparent during the course of this action. Cool Clouds reserves the right to amend or to seek to amend its answer or affirmative defenses.

## DECLARATORY JUDGMENT CROSSCLAIMS

11. Cool Clouds incorporates herein by reference its responses and statements contained in all the preceding paragraphs of its Answer. Defendant-Crossclaimant Cool Clouds brings this action against Plaintiff-Crossdefendant VPR pursuant to Rule 13 of the Federal Rules of Civil Procedure, for a declaratory judgment of noninfringement of U.S. Patent No. 8,205,622 ("the Asserted Patent").

12. For its Crossclaims against VPR, Cool Clouds alleges, based upon personal knowledge as to all acts or events that it has undertaken or witnessed, and upon information and belief as to all others, as follows:

13. These Crossclaims are for declaratory judgment of noninfringement of the Asserted Patent.

14. For its Crossclaims against VPR, Cool Clouds alleges, based upon personal knowledge as to all acts or events that it has undertaken or witnessed, and upon information and belief as to all others, as follows:

## PARTIES

15. Cool Clouds is a corporation organized and existing under the laws of the State of California, with an office and a place of business located at 316 E 4th Street, Suite 180, Los Angeles, CA 90013.

16. VPR states it is a Delaware limited partnership authorized to do business in

COOL CLOUDS DISTRIBUTION, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND CROSSCLAIM AGAINST VPR BRANDS, LP, FOR DECLARATORY JUDGMENT

- 8 -

Florida with a principal place of business located at 3001 Griffin Road, Fort Lauderdale, FL 33312.

## JURISDICTION AND VENUE

17. These Crossclaims are for declaratory judgment of noninfringement of the Asserted Patent.

18. Based on VPR's filing of this suit and Cool Clouds' affirmative defenses, a true, actual, and justiciable controversy has arisen and now exists between VPR and Cool Clouds regarding the alleged infringement of the Asserted Patents. This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1331, 1338, the Federal Declaratory Judgment Act (28 U.S.C. § 2201 et seq.), and the Patent Act of the United States, 35 U.S.C. § 101, et seq., including, but not limited to, §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

19. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b) because, among other reasons, VPR has brought its Complaint for patent infringement of the Asserted Patent in this Court.

## CLAIMS FOR RELIEF

## FIRST DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of the 8,205,622 Patent

20. Cool Clouds hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims as if fully stated herein.

21. Cool Clouds has not infringed and is not now infringing any valid claim of the Asserted Patent, either directly, contributorily, or through inducement, literally or by the doctrine of equivalents.

22. Based on VPR's filing of this suit and Cool Clouds' Additional Defenses, a true, actual, and justiciable controversy has arisen and now exists between Cool Clouds and VPR regarding the alleged infringement of the Asserted Patent.

23. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et

COOL CLOUDS DISTRIBUTION, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND CROSSCLAIM AGAINST VPR BRANDS, LP, FOR DECLARATORY JUDGMENT

– 9 –

seq., Cool Clouds requests the Court's declaration that Cool Clouds does not infringe and has not infringed any claim of the Asserted Patent.

24. Cool Clouds does not have an adequate remedy at law.

## SECOND DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Invalidity of the 8,205,622 Patent

26. Cool Clouds hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims as if fully stated herein.

27. The Asserted Patent is invalid for failure to meet the conditions of patentability or otherwise comply with 35 U.S.C. § 100 et seq., including but not limited to one or more of 35 U.S.C. 101, 102, 103, and/or 112. A judicial declaration is necessary and appropriate at this time so that Plaintiffs-in-Crossclaim may ascertain their rights and duties with respect to the Asserted Patent and to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of their products.

## PRAYER FOR RELIEF

WHEREFORE, with respect to both VPR's Complaint and Cool Clouds' Crossclaims against VPR, Cool Clouds respectfully requests that this Court enter judgment in Cool Clouds' favor against VPR and issue an order that includes:

A. A declaration that Cool Clouds has not infringed, and does not infringe, either directly, indirectly, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patent;

B. A declaration that the Asserted Patent is invalid;

C. Judgment against VPR and in favor of Cool Clouds;

D. A declaration that VPR take nothing by its Complaint;

E. Denial of VPR's request for injunctive relief;

F. Dismissal of VPR's Complaint with prejudice;

G. A declaration that this case is exceptional and that Cool Clouds is entitled to an award to Cool Clouds of its costs, expenses, and reasonable attorneys' fees

COOL CLOUDS DISTRIBUTION, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND CROSSCLAIM AGAINST VPR BRANDS, LP, FOR DECLARATORY JUDGMENT

- 10 -

1  incurred in this action; and

2      H.    Further relief as the Court may deem just and proper.

3  <center>**JURY DEMAND**</center>

4  Cool Clouds hereby demands a trial by jury for all issues so triable.

6  Dated: May 27, 2021          **INHOUSE CO.**

        By:    /s/ Alexander Chen
              Alexander Chen, Esq.
              Katja M. Grosch
              Attorneys for Defendant and Crossclaimant,
              Cool Clouds Distribution, Inc.

INHOUSE CO. LAW FIRM

COOL CLOUDS DISTRIBUTION, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND CROSSCLAIM AGAINST VPR BRANDS, LP, FOR DECLARATORY JUDGMENT

- 11 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the above and foregoing document has been served on May 27, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rules. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/ Sharon Shepard
Sharon Shepard
alexc@inhouseco.com

COOL CLOUDS DISTRIBUTION, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND CROSSCLAIM AGAINST VPR BRANDS, LP, FOR DECLARATORY JUDGMENT

- 12 -