Jonah A. Grossbardt (SBN 283584)
Matthew L. Rollin (SBN 332631)
**SRIPLAW**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com
matthew.rollin@sriplaw.com

Attorneys for Plaintiff
VPR BRANDS, LP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VPR BRANDS, LP, <br><br> Plaintiff, <br><br> v. <br><br> COOL CLOUDS DISTRIBUTION, INC., <br><br> Defendant. | Case No.: 2:21-cv-01116 JWH(MRWx) <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS CLAIMS WITHOUT PREJUDICE** <br><br> Date: June 17, 2022 <br> Time: 9:00 a.m. <br> Ctrm: Courtroom 2 <br> Judge: Hon. John W. Holcomb |

**I.    INTRODUCTION**

Plaintiff VPR Brands, LP ("VPR" or "Plaintiff") respectfully requests that this Court voluntarily dismiss the claims without prejudice, pursuant to Federal Rule of

1

Civil Procedure 41(a)(2). A dismissal without prejudice would not cause Cool Clouds Distribution, Inc. ("CC" or "Cool Clouds") any prejudice.

## II. THE CURRENT SCHEDULE

On April 25, 2022, this Court set a Status Conference for May 20, 2022. (ECF 49). There are currently no other deadlines as Defendant has not obtained new counsel and their answer (ECF 15) had been stricken. (ECF 40).

## III. HISTORY OF THE CASE

On December 19, 2021, Cool Cloud's prior counsel moved to withdraw his representation of Defendant. (ECF 35). On January 20, 2022, this Court granted counsel's motion. (ECF 40). On March 21, 2022, Cool Cloud's prior counsel filed proof of service with the Court that Cool Clouds had been served with counsel's motion to withdraw as counsel of record. (ECF 43). Approximately four weeks later, after Cool Clouds had not retained new counsel, Plaintiff moved to dismiss the action without prejudice because Cool Clouds' answer had been stricken. (ECF 40, 46). The Court denied the motion on April 23, 2022. (ECF 48). On April 25, 2022, this Court scheduled a Status Conference for May 20, 2022. (ECF 49).

## IV. FACTUAL BACKGROUND

Plaintiff filed this matter on February 8, 2021. (ECF 1). Cool Clouds filed its answer to the complaint on May 27, 2021. (ECF 15). This Court set the civil trial schedule on August 23, 2021. (ECF 24).

In December, Cool Clouds' prior counsel informed Plaintiff's counsel that starting in approximately October 2021, he had been unable to get in touch with his client. (Declaration of Jonah Grossbardt ("Grossbardt Decl.") ¶ 2). Mr. Chen informed us that he planned on withdrawing as counsel because it became impossible to represent Cool Clouds because they disappeared and were nonresponsive. (Grossbardt Decl. ¶ 3). Plaintiff's counsel agreed and did not oppose InHouse, Co. withdrawing as counsel. (ECF 35-36).

After Cool Clouds was served with the motion to withdraw as counsel from InHouse, Co., Cool Clouds never retained a new attorney and has not since responded to Plaintiff or the Court.

Plaintiff's counsel conducted research and determined that Cool Clouds no longer exists. (Grossbardt Decl. ¶ 6). It appears that Cool Clouds has been suspended as a California Corporation as December 28, 2021. (Grossbardt Decl. ¶ 6).

## V.   LEGAL STANDARD

Rule 41(a)(2) allows the Court to voluntarily dismiss a plaintiff's claim "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

"A court should grant a Rule 41(a)(2) motion for voluntary dismissal without prejudice unless the defendant will 'suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts." *Kohler v. Mira Mesa Marketplace West, LLC*, 2007 WL 4538621 at * 2 (S.D. Cal. December 19, 2007); *see also Andrews v. Plains All American Pipeline, LP*, 2020 WL 6204553 at * 1 (C.D. Cal. September 23, 2020).

### A.   Cool Clouds will Not Suffer Legal Prejudice from VPR's Dismissal.

"Legal prejudice" is the standard for whether a Rule 41(a)(2) voluntary dismissal should be granted. *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). Cool Clouds bears the burden to demonstrate that it will suffer "plain legal prejudice" as a result of the VPR's dismissal. *See Munro v. Univ. of S. Cal.*, No. 16-06191, 2019 WL 4575844 at *2 (C.D. Cal. July 2, 2019) "Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument," and focuses on "the rights and defenses available to a defendant in future litigation." *Westlands,* 100 F.3d at 97.

It is not the same thing as practical prejudice, like fees associated with work performed defending the movant's claims. *Id.* Examples of plain legal prejudice include "whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense [for defendant]."

*Id.* "In the Ninth Circuit, legal prejudice results when a defendant is deprived of a federal forum, the right to a jury trial, or a statute of limitations defense." *Id.*

Cool Clouds cannot satisfy this burden because no prejudice to a legal interest is present here. The Ninth Circuit has made clear, dismissal without prejudice is patently appropriate because the mere "prospect of a second lawsuit" will not constitute legal prejudice. *Hamilton v. Firestone Tire and Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). No plain legal prejudice will result from the VPR's voluntary dismissal without prejudice pursuant Rule 41(a)(2). Cool Clouds no longer exists, and it has failed to litigate its case by refusing to retain new counsel.

## VI. CONCLUSION

VPR respectfully request that this Court grant its request to voluntarily dismiss its claims without prejudice or conditions.

DATED: May 16, 2022              Respectfully submitted,

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
MATTHEW L. ROLLIN
**SRIPLAW**
Attorneys for Plaintiff VPR Brands, LP