JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-01116-JWH-MRW | Date | September 30, 2022 |
| Title | *VPR Brands, LP v. Cool Clouds Dist., Inc.* | | |

Present: The Honorable  JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Elsa Vargas for Deborah Lewman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER GRANTING MOTION TO DISMISS (IN CHAMBERS)**

Before the Court is the unopposed motion of Plaintiff VPR Brands, LP to dismiss the instant case without prejudice.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the Motion and its attachments, the Court orders that the Motion is **GRANTED**, as set forth herein.

## I. BACKGROUND

VPR Brands commenced this action in early 2021.[2] Three months later, Defendant Cool Clouds Distribution, Inc. filed its answer and counterclaim.[3] In late 2021, however, Cool Clouds' attorney—Alexander Chen—filed a motion to

---

[1] Pl.'s Mot. to Dismiss (the "Motion") [ECF No. 50].

[2] *See* Compl. [ECF No. 1].

[3] *See* Answer and Crosscl. (the "Counterclaim") [ECF No. 15]. Cool Clouds improperly denominated the pleading in which it asserted claims against VPR Brands as a "Crossclaim"; in the federal court system, it is a Counterclaim. *See* Fed. R. Civ. P. 13.

withdraw as counsel.[4] In support, Mr. Chen submitted a declaration[5] in which he testified that Cool Clouds had stopped communicating and cooperating with him, effectively causing a breakdown of the attorney-client relationship and rendering cooperation impossible.[6] Because the Motion to Withdraw satisfied this Court's Local Rules, the Court granted it in early 2022.[7]

Since being served with the Motion to Withdraw, Cool Clouds has not obtained a new attorney, nor has it responded to VPR Brands or the Court.[8] Now, to the best of VPR Brands' knowledge, "Cool Clouds no longer exists."[9]

## II.   DISCUSSION

VPR Brands moves to dismiss this case without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Rule 41(a)(2) provides that the Court may dismiss an action "at the plaintiff's request . . . on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).[10]

"A court should grant a Rule 41(a)(2) motion . . . unless the defendant will suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts." *Kohler v. Mira Mesa Marketplace W., LLC*, 2007 WL 4538621, at *2 (S.D. Cal. Dec. 19, 2007) (quotation omitted). In the Ninth Circuit, legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "Plain legal prejudice, however, does not result simply when defendant faces the prospect of a

---

[4]   *See* Mot. to Withdraw as Counsel of Record (the "<u>Motion to Withdraw</u>") [ECF No. 35].

[5]   *See* Decl. of Alexander Chen in Supp. of the Motion to Withdraw [ECF No. 35-1].

[6]   *See id.* at ¶¶ 5-12.

[7]   *See* Min. Order Granting Motion to Withdraw [ECF No. 40].

[8]   *See, e.g.*, Motion 3:1-3.

[9]   *See id.* at 3:4-5; *see also* Decl. of Jonah Grossbardt in Supp. of Mot. [ECF No. 50-2] ¶¶ 5 & 6.

[10]   Rule 41(a)(2) also provides that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed ***over the defendant's objection*** only if the counterclaim can remain pending for independent adjudication." *Id.* (emphasis added). Here, that provision is irrelevant: while Cool Clouds pleaded a counterclaim, it failed to object to the instant Motion.

second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)

Under Rule 41(a)(2), a defendant bears the burden of demonstrating that dismissal will inflict legal prejudice. *See Munro v. Univ. of S. California*, 2019 WL 4575844, at *2 (C.D. Cal. July 2, 2019) (citing *Smith v. Lenches*, 263 F.3d 972 (9th Cir. 2001). Here, by failing to respond to the Motion, Cool Clouds has failed to meet its burden of demonstrating legal prejudice. Moreover, the Court cannot conceive of any *legal* prejudice that Cool Clouds would face from the granting of the instant Motion, particularly because the claims that Cool Clouds asserted in its Counterclaim were merely mirror images—declaratory judgment of noninfringement and invalidity—of VPR Brands' patent infringement claims.[11]

### III. CONCLUSION

Accordingly, the Court hereby **ORDERS** as follows:

1. VPR Brands' instant Motion is **GRANTED**.

2. This case is **DISMISSED without prejudice**.

3. VPR Brands' pending Motion to Continue Final Pretrial Conference and Trial [ECF No. 55] is **DENIED as moot**.

4. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

---

[11] Counterclaim ¶¶20-27.